978 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steve HAVRILLA, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70025.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 10, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steve Havrilla appeals pro se the tax court's decision sustaining the Commissioner of Internal Revenue's ("Commissioner") determination of income tax deficiencies. The tax court dismissed Havrilla's petition for a redetermination of tax deficiency and imposed damages in the amount of $3,500 against Havrilla pursuant to 26 U.S.C. § 6673. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review de novo the tax court's dismissal of Havrilla's petition. Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988). We affirm. In addition, we award sanctions of $500 against Havrilla pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912 for bringing a frivolous appeal.
 
 
 3
 * Background
 
 
 4
 Havrilla failed to file a tax return for tax year 1987. In 1991, the Commissioner issued Havrilla a notice of deficiency which notified him that he owed taxes on unreported income earned in 1987. Havrilla filed a petition in tax court challenging the Commissioner's determination that he was liable for an income tax deficiency of $2,777 and additions to tax. Havrilla asserted that IRS officials lacked delegated authority to issue him a notice of deficiency and that he was not subject to the income tax laws because he was a "natural born Citizen of one of the several States of the Continental United States of America." The tax court warned Havrilla that damages could be awarded against him for filing a frivolous petition and directed him to file an amended petition.
 
 
 5
 Havrilla filed a response which the court construed as an objection to the Commissioner's motion to dismiss his petition. In his response, Havrilla asserted that the notice of deficiency was invalid because the IRS had failed to meet its burden of demonstrating that Havrilla owed taxes for tax year 1987. He asserted that the wages he received in that year were not taxable income because they were earned "within the several Continental States of the United States of America." Havrilla also reiterated his claim that the IRS officials lacked delegated authority to issue him a notice of deficiency. The tax court dismissed Havrilla's petition finding that it failed to state a claim and was frivolous. It awarded the government damages in the amount of $3,500.
 
 II
 Merits
 A. Burden of Proof
 
 6
 Once the Commissioner provides some evidence that a taxpayer received unreported income, the presumption arises that the deficiency determination in a case involving unreported income is correct. Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir.1987). The burden of proving the determination arbitrary or erroneous then rests with the taxpayer. Id. at 1293-94. Here the Commissioner, in the notice of deficiency, cited Havrilla's W-2 forms and his unemployment compensation income as the basis for the deficiency determination. In his petition to the tax court, Havrilla did not dispute the Commissioner's finding of unreported income for tax year 1987. Rather, he admitted that he had earned wages during that year, but asserted that this income was not taxable. Because Havrilla's assertion that his income was not taxable lacks merit, the tax court correctly dismissed his petition for redetermination of tax deficiency.[1] See Edelson, 829 F.2d at 831.
 
 B. Delegated Authority
 
 7
 Havrilla's contention that IRS officials lacked delegated authority to issue a notice of deficiency lacks merit. See Treas. Reg. § 301.6121-1(a) ("[i]f a district director or director of a service center (or regional director of appeals), determines that there is a deficiency in respect of income, estate or gift tax ... such official is authorized to notify the taxpayer of the deficiency by either registered or certified mail"); Hughes v. United States, 953 F.2d 531, 539 (9th Cir.1992) (delegation of authority down chain of command from Secretary of Treasury to Commissioner of IRS to local IRS employees constituted a valid delegation of authority to collect taxes). Accordingly, the tax court properly dismissed Havrilla's petition.
 
 C. Sanctions
 
 8
 The tax court's award of damages under 26 U.S.C. § 6673 is reviewed for an abuse of discretion. Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam). We conclude that the tax court acted within its discretion because of Havrilla's repeated assertions of frivolous arguments even after being warned by the court that the continued assertion of the arguments would subject him to damages.
 
 
 9
 On appeal, the government has requested that sanctions be awarded against Havrilla for bringing a frivolous appeal. We have discretion to impose sanctions against litigants, even those appearing pro se, for bringing a frivolous appeal. Fed.R.App.P. 38; Wilcox v. Commissioner, 848 F.2d at 1008-09 ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). "An appeal is frivolous if the result is obvious, or the arguments or error are wholly without merit." Id. Havrilla's claims are wholly without merit. Accordingly, we impose $500 damages as a sanction.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Havrilla's legal contention that he was not subject to income tax for income earned within the several Continental States of the United States is without a legal basis. Section 1 of the Internal Revenue Code imposes an income tax on the income of every individual who is a citizen or resident of the United States. 26 U.S.C. § 1; see also United States v. Nelson, (In re Becraft), 885 F.2d 547, 548 (9th Cir.1989) ("the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to citizens"); Wilcox, 848 F.2d at 1008 & n. 3 (United States citizen's "wages are income ... [and] income may be taxed without apportionment under the Sixteenth Amendment.")