T.C. Memo. 2005-51

UNITED STATES TAX COURT

PAUL F. AND BARBARA J. BASILE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

BASILE HEALTH CENTER, DC, PC, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 2900-02, 2901-02.      Filed March 17, 2005.

Paul F. Basile and Barbara J. Basile, pro sese.

<u>James N. Beyer</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  These consolidated cases are before the
Court on respondent's motion for judgment by default pursuant to
Rule 123.[1]  By separate notices of deficiency, respondent

_____

[1]Unless otherwise indicated, all section references are to
                                        (continued...)

determined the following deficiencies, additions to tax, and penalties with respect to petitioners' Federal income taxes:

Paul F. and Barbara J. Basile

| Year | Deficiency | Addition to tax delinquency Sec. 6651(a)(1) | Accuracy-related penalty Sec. 6662(a) |
|------|-----------|---------------------------------------------|----------------------------------------|
| 1996 | $255,805 | $25,581 | $51,161 |
| 1997 | 203,462 | -- | 40,692 |

Basile Health Center, DC, PC

| Year | Deficiency | Addition to tax delinquency Sec. 6651(a)(1) | Accuracy-related penalty Sec. 6662(a) |
|------|-----------|---------------------------------------------|----------------------------------------|
| 1997 | $154,126 | $38,532 | $30,825 |

Respondent conceded in his motion for judgment by default, however, that the deficiencies, additions to tax, and penalties with respect to petitioners' Federal income taxes are less than those originally determined and are as follows:

Paul F. and Barbara J. Basile

| Year | Deficiency | Addition to tax delinquency Sec. 6651(a)(1) | Accuracy-related penalty Sec. 6662(a) |
|------|-----------|---------------------------------------------|----------------------------------------|
| 1996 | $110,901 | $11,090 | $22,180 |
| 1997 | 82,583 | -- | 16,517 |

---

[1](...continued)
the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Monetary amounts are rounded to the nearest dollar.

Basile Health Center, DC, PC

| Year | Deficiency | Addition to tax delinquency Sec. 6651(a)(1) | Accuracy-related penalty Sec. 6662(a) |
|------|-----------|---------------------------------------------|----------------------------------------|
| 1997 | $55,971 | $13,994 | $11,194 |

Petitioners filed separate petitions to redetermine the deficiencies and related penalties.  We consolidated these cases (hereinafter this case) for trial, briefing, and opinion, pursuant to Rule 141(a), because they present common issues of fact and law.

## Background

Paul and Barbara Basile (the Basiles) are licensed chiropractors.  Basile Health Center, DC, PC (BHC), is one of several business entities the Basiles have used to conduct their chiropractic practice.

On January 10, 2002, respondent issued a notice of deficiency to the Basiles in which he determined that certain entities the Basiles used in running their chiropractic practice were shams, and that the Basiles had used those entities to underreport their income.  Respondent also determined that the Basiles had not established that they qualified for the disabled access credit, that certain computational adjustments were necessary, and that the Basiles were liable for deficiencies in their income taxes, penalties, and an addition to tax.

On January 10, 2002, respondent also issued a notice of deficiency to BHC in which he determined that BHC had not established that it was qualified to deduct certain claimed expenses. Respondent also determined that BHC was liable for a deficiency in its income tax, a penalty, and an addition to tax.

The Basiles and BHC invoked the jurisdiction of this Court on February 5, 2002, by the timely filing of their petitions. The Basiles resided in Orefield, Pennsylvania, when their petition was filed. BHC's mailing address was the same as the Basiles' Orefield, Pennsylvania, address when its petition was filed. Petitioners' representative at the time of the filings, Robert N. Bedford (Mr. Bedford), designated Tampa, Florida, as the place of trial.

The Basiles' only allegations of error in their petition are as follows:

> The service based their assessment upon a denial of legitimate business structures such as corporations designed to provide legal protections as provided by the law. The service also denied legitimate business deductions that are available under Code Section 162. There is also a question of any assessment at this time for 1996 because the statute of limitations has expired for that year.

BHC's only allegation of error in its petition is that "The service based their assessment upon a disallowance of certain expenses."

On April 5, 2002, respondent's answers to the petitions were filed. Respondent denied that he erred as alleged. Respondent's

answer to the Basiles' petition also included the following

allegations in support of the timeliness of the Basiles' notice

of deficiency for 1996:

> (a) The petitioners' joint income tax return for the taxable year 1996 was filed on October 14, 1997.
>
> (b) The amount of gross income stated in the income tax return filed by the petitioners for the taxable year 1996 was $115,600.
>
> (c) During the taxable year 1996, the petitioners received additional income of $602,514 from their chiropractic practice through corporations or trusts which should be disregarded as sham entities * * *. Said amount of additional income was not included in the gross income stated in the return filed by petitioners for the taxable year 1996, and there was not disclosed on the return or in a statement attached thereto the fact that such amount was received during said year.
>
> (d) Petitioners did not borrow or receive from nontaxable sources any funds, or other assets, not properly taken into account by the respondent which would cause or account for the additional income as set forth above.
>
> (e) The additional gross income that petitioners received and that was omitted from the income tax return they filed for the taxable year 1996 is in excess of 25 percent of the gross income reported in such return.
>
> (f) The notice of deficiency setting forth the respondent's determination of the deficiencies for the taxable year 1996 was timely sent to the petitioners by certified mail on October 12, 2001, which date was prior to the expiration of the six-year period for assessment applicable under I.R.C. § 6501(e)(1)(A).

In the answer to BHC's petition, respondent included specific allegations that BHC's 1997 tax return was due on September 15, 1998, but that BHC did not file the return until May 28, 1999. Petitioners did not file replies to respondent's answers.

By notice dated May 23, 2002, we set this case for trial at the Tampa, Florida, trial session beginning on October 28, 2002. The notice specifically stated that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." Our standing pretrial order, which requires that all facts be stipulated to the maximum extent possible, all documentary and written evidence be stipulated in accordance with Rule 91(b), and each party prepare a trial memorandum not less that 15 days before the first day of the trial session, was attached to the notice. The standing pretrial order also warned that "If any unexcused failure to comply with this Order adversely affects the timing or conduct of the trial, the Court may impose appropriate sanctions, including dismissal".

On June 26, 2002, counsel for respondent telephoned Mr. Bedford in order to introduce himself and arrange for a conference to discuss this case. Respondent's counsel was unable to reach Mr. Bedford, so he left him an answering machine message and sent letters informally requesting that petitioners answer questions and produce certain documents. Mr. Bedford provided cursory responses to some but not all of the questions, and he

produced no documents.  Due to the inadequacy of petitioners' informal responses, on August 8, 2002, respondent served interrogatories on Mr. Bedford.  Petitioners failed to respond to the interrogatories.

On August 9, 2002, respondent's requests for admission in regard to both the Basiles and BHC were filed.  Petitioners never replied to respondent's requests, so they are deemed admitted. Rule 90(c).

On September 13, 2002, respondent's motions to compel responses to respondent's interrogatories were filed.  On September 16, 2002, we granted respondent's motions in that petitioners were to serve upon respondent's counsel "full, complete, and responsive responses made under oath and in good faith" to the interrogatories.  We warned petitioners that if they did not fully comply with the order, we would be inclined to impose sanctions.  Petitioners failed to comply with the September 16, 2002, order.

On October 27, 2002, Mr. Bedford telephoned respondent's counsel to inform him that he was experiencing car trouble and that he did not anticipate making it to the calendar call the next day.  On October 28, 2002, this case was called at the Court's Tampa, Florida, trial session.  Although counsel for respondent appeared and was heard, no appearance was made by or on behalf of petitioners.  We continued this case.

By notice dated April 22, 2003, we set this case for trial at the Tampa, Florida, trial session beginning on September 22, 2003. The notice contained the same warnings of sanctions as the previous notice setting this case for trial and the standing pretrial order.

On July 25, 2003, respondent's motions for continuance of trial regarding both the Basiles and BHC were filed. In support of his motions, respondent stated that a criminal indictment had been filed against Mr. Bedford charging him with tax crimes, including aiding, assisting, or advising the preparation of false and fraudulent returns, and he provided us with a copy of the indictment. Respondent further asserted that Mr. Bedford either prepared or was otherwise linked to the preparation of the returns at issue in this case and that certain of the disallowed expenses and unreported income at issue were related to entities that petitioners, with Mr. Bedford's assistance, allegedly used to facilitate the diversion of unreported taxable income. Respondent also expressed his concern that any settlement offer previously made by Mr. Bedford would be subject to attack because of Mr. Bedford's potential conflicts of interest. Mr. Bedford did not object to the granting of respondent's motions.

On July 28, 2003, we ordered petitioners and Mr. Bedford to file written responses to respondent's motions for continuance and to show cause why Mr. Bedford should not be withdrawn as

counsel.  We also granted the motions for continuance, but this case remained calendared on the September 22, 2003, trial session for a status report.  Petitioners did not respond as ordered and did not appear at the September calendar call.  Respondent appeared and stated that he had had no communication from any of the petitioners.  We ordered that Mr. Bedford be withdrawn as petitioners' counsel and that this case be restored to the general docket.

On November 4, 2003, petitioners moved to change the place of trial from Tampa, Florida, to Philadelphia, Pennsylvania.  On November 13, 2003, we granted the motion.  By notice dated April 1, 2004, we set this case for trial at the Philadelphia, Pennsylvania, trial session beginning on September 7, 2004.  The notice again contained sanction warnings and referred to our standing pretrial order, which was enclosed.

On June 7, 2004, respondent's second requests for admission in regard to both the Basiles and BHC were filed.  Petitioners failed to respond to these requests, so they are deemed admitted. Rule 90(c).

On April 19, 2004, respondent sent petitioners a letter inviting them to request a conference to discuss this case and informally asking that they answer certain questions and produce certain documents.  Petitioners failed to request a conference, however, and did not provide respondent with the requested

answers, documents, or any other information.  On June 4, 2004, respondent served on both the Basiles and BHC a second set of interrogatories and a second request for production of documents. Again, petitioners failed to respond.

On July 21, 2004, respondent's motions to compel responses to the second set of interrogatories and second set of motions to compel production of documents were filed.  On July 22, 2004, we ordered petitioners to file a response to these motions. Petitioners did not comply with the order.  Consequently, on August 17, 2004, we ordered that petitioners, on or before August 25, 2004, provide respondent with answers to the interrogatories and produce the requested documents.  We warned petitioners that failure to comply with our order could result in sanctions. Petitioners continued to disregard our orders.

On July 30, 2004, respondent's motion to consolidate the Basiles' case with BHC's case for trial, briefing, and opinion was filed.  On August 3, 2004, we ordered petitioners to file a response to the motion for consolidation on or before August 17, 2004, but petitioners failed to do so.  On August 25, 2004, we granted the motion.

On September 7, 2004, respondent appeared at the calendar call of the Philadelphia, Pennsylvania, trial session, and his motion for judgment by default was filed.  Petitioners did not appear.  Petitioners also failed to provide respondent or the

Court with a pretrial memorandum as required by the Court's standing pretrial order. Respondent asserted, however, that he had received several pieces of frivolous correspondence from Paul Basile (Mr. Basile) before the trial session and that Mr. Basile stated in much of the correspondence that he was not disputing the existence or amount of the tax liabilities.

Respondent requested in his motion that we enter a judgment by default against petitioners and find reduced deficiencies in income tax, penalties, and additions to tax for each petitioner. In support of the motion for judgment by default, respondent argues that "petitioners have completely failed to comply with the Court's Orders and have ignored the Tax Court's Rules of Practice and Procedure".

### Discussion

In general, the Commissioner's determination of underlying tax deficiencies is presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Unless otherwise indicated, petitioners bear the burden of proof in this case.[2] Petitioners

---

[2]When a case involves unreported income and is appealable to the Court of Appeals for the Third Circuit, the Commissioner's determination of unreported income is entitled to the presumption of correctness only if the determination is supported by some evidence linking the taxpayer to the tax-generating activity. Anastasato v. Commissioner, 794 F.2d 884, 887 (3d Cir. 1986), vacating T.C. Memo. 1985-101. As this case is appealable to the Court of Appeals for the Third Circuit, barring a stipulation to the contrary, the Court is bound to apply the law of the Court of
(continued...)

have not only failed to carry their burden, but they have defaulted within the meaning of Rule 123(a).

Pursuant to Rule 123(a), we may hold any party in default when that "party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court", and "Thereafter the Court may enter a decision against the defaulting party".  The action or inaction of a taxpayer that constitutes sufficient grounds to apply Rule 123(a) is a matter within our discretion, and we have consistently given Rule 123 broad applicability.  See, e.g., Smith v. Commissioner, 91 T.C. 1049, 1056 (1988) (default where taxpayer failed to communicate with the Court, to appear at trial, to participate in preparation of case for trial, and to comply with the requirements of Rule 91(a) with regard to preparation of a stipulation of facts), affd. 926 F.2d 1470 (6th Cir. 1991); Stringer v. Commissioner, 84 T.C. 693,

---

2(...continued)
Appeals for the Third Circuit in regard to respondent's determination that the Basiles failed to report income.  Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971).  Because the facts alleged by respondent in his answer to the Basiles' petition and the deemed admissions provide sufficient evidence linking the Basiles to the unreported income, the presumption of correctness applies to respondent's determination, and petitioners bear the burden of proof that respondent's determination is erroneous.  See Bosurgi v. Commissioner, 87 T.C. 1403, 1409 (1986) ("The entry of a default has the effect of admitting all well-pleaded facts in respondent's answer, and a default judgment must be supported by respondent's well-pleaded facts."); Smith v. Commissioner, 91 T.C. 1049, 1057 (1988) (The establishment of respondent's well-pleaded facts through a default is no different than establishing such facts through deemed admissions), affd. 926 F.2d 1470 (6th Cir. 1991).

706 (1985), affd. without published opinion 789 F.2d 917 (4th Cir. 1986); <u>Rechtzigel v. Commissioner</u>, 79 T.C. 132, 143 (1982) (default as sanction for taxpayer's willful flouting of Court-ordered discovery that hampered Commissioner's ability to develop his case), affd. 703 F.2d 1063 (8th Cir. 1983).

Despite repeated warnings, petitioners failed to comply with the Rules and requirements of this Court by not participating in the discovery process, by violating numerous Court orders, including the standing pretrial order, and by not appearing at any of three calendar calls. Such conduct provides a more than sufficient basis for granting respondent's motion with respect to those issues on which petitioners have the burden of proof.[3] We note, however, that the Basiles asserted in their petition that respondent's determination regarding 1996 should not be sustained because it was made outside the 3-year period of limitations specified in section 6501(a). Respondent alleged in his answer

---

[3]Although the Commissioner ordinarily has the burden of production with respect to any penalties and additions to tax, sec. 7491(c), the petitions did not contain any assignments of error with respect to the additions to tax under sec. 6651(a)(1) or the accuracy-related penalty under sec. 6662(a). Because petitioners did not contest the additions to tax or penalties in the petitions, they are deemed conceded. Rule 34(b)(4); <u>Swain v. Commissioner</u>, 118 T.C. 358 (2002). Even if the additions to tax and penalties were not deemed to be conceded, the facts alleged in respondent's answers and the deemed admissions are sufficient to satisfy respondent's burden of production for purposes of this motion.

that his determination was timely made within the 6-year period of limitations in section 6501(e)(1)(A) and argues in his motion that a decision by default is appropriate on this issue.

Section 6501(e)(1)(A) provides:

> (A) General rule.--If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. * * *

To invoke the 6-year assessment period, respondent has the burden of proving that petitioners omitted the requisite amount of gross income from their return. Id.; Bardwell v. Commissioner, 38 T.C. 84, 92 (1962), affd. 318 F.2d 786 (10th Cir. 1963). In deciding whether to grant respondent's motion, we look to respondent's affirmative allegations in his answer to the Basiles' petition and the Basiles' deemed admissions to decide whether respondent has met his burden of proof. See Smith v. Commissioner, supra at 1057; Bosurgi v. Commissioner, 87 T.C. 1403, 1408 (1986).

The Basiles are deemed to have admitted that they did not file their 1996 joint return until October 14, 1997. Respondent affirmatively alleged in his answer that although the Basiles reported their 1996 gross income as $115,600, they received additional taxable income of $602,514 that they did not disclose on either their 1996 return or in a statement attached to the return. Respondent also alleged in his answer that the notice of deficiency was sent to petitioners by certified mail on October

12, 2001, well within the 6-year period of limitations.  Because the Basiles are deemed to have admitted the well-pleaded facts of respondent's answer and respondent's requests for admission stating that they received additional income in excess of 25 percent of what they reported on their 1996 return, respondent has met his burden of proving that the notice of deficiency for 1996 was timely mailed and the 6-year period of limitations under section 6501(e) applies.

### Conclusion

Petitioners have failed to comply with the Rules and requirements of this Court, and the record reveals no reason to excuse petitioners' inactivity and otherwise noncompliant behavior.  Moreover, we are satisfied that the well-pleaded facts in respondent's answer and the deemed admissions provide an adequate factual basis for concluding that the period of limitations for assessing the 1996 liability under section 6501 has not expired.  Consequently, we shall grant respondent's motion for default pursuant to Rule 123(a).

To reflect the foregoing,

> An appropriate order and decision granting respondent's motion for judgment by default will be entered in each docket.