**Tony MALFATTI, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 05–72883.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tony Malfatti, Oakland, CA, pro se.

Donald L. Korb, Acting Chief Counsel Internal Revenue Service, John A. Nolet, Esq., Eileen J. O'Connor, Esq., U.S. Department of Justice Tax Division, Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

### MEMORANDUM **

Tony Malfatti appeals pro se from the Tax Court's decision, following a bench trial, in favor of the Commissioner of Internal Revenue ("Commissioner") in Malfatti's action contesting an unreported income determination and a penalty for the years 1998 through 2001. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review de novo the Tax Court's conclusions of law, *Hardy v. Commissioner,* 181 F.3d 1002, 1004 (9th Cir.1999), and review for clear error its determination that a taxpayer received unreported income, *Weimerskirch v. Commissioner,* 596 F.2d 358, 360 (9th Cir.1979). We review for abuse of discretion the imposition of sanctions. *Wolf v. Commissioner,* 4 F.3d 709, 716 (9th Cir.1993). We affirm.

■ The Tax Court properly held that the Commissioner's determination that Malfatti received unreported income was entitled to a presumption of correctness based on the income statements provided by his employers, their testimony at trial, and Malfatti's own admission that he received income for performing various jobs. *See Hardy,* 181 F.3d at 1004–05. Furthermore, Malfatti did not rebut this presumption with credible testimony or records showing an error in the amount of unreported income assessed. *See id.* (shifting to taxpayer the burden of showing that unreported income determination was erroneous after the Commissioner presents substantive evidence to establish it).

■ The Tax Court did not abuse its discretion by imposing a $15,000 penalty pursuant to section I.R.C. § 6673, where Malfatti failed to file tax returns and then repeatedly refused to participate in the judicial process or cooperate with trial counsel, objected to the admission of evidence regarding his income at trial, provided vague and uncorroborated testimony regarding his earnings, and asserted frivolous arguments such as claiming that the deficiency assessed was an excise tax. *See Wolf,* 4 F.3d at 716.

Malfatti's remaining contentions are unpersuasive.

**AFFIRMED**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.