T.C. Summary Opinion 2008-71

UNITED STATES TAX COURT

EDWIN F. THORNE, SR., Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13047-07S.                    Filed June 23, 2008.

Edwin F. Thorne, Sr., pro se.

<u>Ronald S. Collins, Jr.</u>, for respondent.


JACOBS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]Subsequent section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $2,132 deficiency in petitioner's 2004 income tax. Respondent also determined that petitioner was liable for a $479.70 addition to tax under section 6651(a)(1) for failure to file a timely return and a $223.86 addition to tax under section 6651(a)(2) for failing to timely pay the tax when due. The deficiency arose as a consequence of respondent's determination that petitioner earned but did not report income of $12,500 for 2004.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Pennsylvania when he filed his petition.

Petitioner did not file a Federal income tax return, and made no tax payments of any kind, with respect to 2004. Using information contained in a Form 1099-MISC, Miscellaneous Income, submitted to respondent by Saraceni Brothers, a construction company, respondent prepared, pursuant to section 6020(b), a substitute for return for petitioner for 2004 which showed that petitioner received self-employment income of $12,500. After adjusting petitioner's gross income for a personal exemption and the standard deduction, respondent determined that petitioner's

taxable income was $3,667, the income tax owed was $366, and the tax owed with respect to self-employment income was $1,766, for a total tax owed of $2,132.

Petitioner timely filed a petition disputing respondent's determination with the single statement that petitioner "was not employed on dates indicated."

In the years preceding 2004 petitioner engaged in various building and construction activities, such as welding, truck driving, and carpentry. He began working for Saraceni Brothers in the 1990s and worked for at least one other company.

Petitioner initially denied that he received any amounts from Saraceni Brothers during 2004, although he acknowledged that he did not keep any records of his earnings. Upon being shown checks from Saraceni Brothers totaling $600 which he had cashed, petitioner conceded that during 2004 he "maybe worked a couple of weeks for Saraceni Brothers" as a carpenter.

Later during cross-examination, petitioner conceded that in addition to the $600 evidenced by the canceled checks, in 2004 he received "maybe like $50, something like that. I mean, it was nothing over $100 in cash." As the briefing schedule was being discussed, petitioner remarked to the Court: "I'll leave it in your hands, but I did not receive any cash with that kind of money." To the Court's inquiry as to how much money petitioner

thought he did receive in cash, petitioner replied: "Probably about like $1,000, something like that, $1,100."

We find petitioner's belief that he did not receive the entire $12,500 in compensation was sincere but that his recollection of the events of 2004 relating to his employment was faulty.

Joseph Saraceni, who was a partner of Saraceni Brothers in 2004, testified that petitioner worked for Saraceni Brothers in 2004 as a carpenter and plumber and had been paid $12,500. Mr. Saraceni testified that he prepared a Form 1099 reporting petitioner's compensation to the Internal Revenue Service. Mr. Saraceni testified that: (1) Petitioner requested to be paid, and was paid partly, in cash, (2) the company maintained a ledger which reflected cash payments to petitioner and other subcontractors, and (3) this ledger was the basis upon which Mr. Saraceni prepared the Form 1099. We found Mr. Saraceni's testimony to be credible.

## Discussion

The taxpayer ordinarily bears the burden of proving that the Commissioner's deficiency determinations are incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, the burden of proof may shift to the Commissioner if the taxpayer has produced credible evidence relating to the tax liability at issue and has met his substantiation requirements, maintained

required records, and cooperated with the Secretary's reasonable requests for documents, witnesses, and meetings. Sec. 7491(a). Furthermore, section 6201(d), as pertinent here, provides that in any court proceeding, if a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return (such as a Form 1099 filed by a third party) and the taxpayer has fully cooperated with the Internal Revenue Service, the Commissioner has the burden of producing reasonable and probative information concerning the deficiency in addition to the information return. Finally, we are mindful that the Court of Appeals for the Third Circuit, to which this case would be appealable if it had not been heard pursuant to section 7463, requires the Commissioner's determination of unreported income to be supported by some evidence linking the taxpayer to the tax-generating activity in order for the determination to be entitled to the presumption of correctness. See, e.g., <u>Basile v. Commissioner</u>, T.C. Memo. 2005-51 n.2.

Petitioner did not argue that section 7491(a) operates to shift to respondent the burden of proof regarding the unreported income adjustments. Nor did he introduce any evidence that he satisfied the requirements of section 7491(a). In fact, petitioner admitted that he did not keep any record of his earnings for 2004. Even if we were to assume that petitioner has asserted a reasonable dispute with respect to the unreported

income reported on the Form 1099 submitted by Saraceni Brothers, we find that respondent, through Mr. Saraceni's testimony, described supra, has produced reasonable and probative information concerning that information return and has linked petitioner to the income-generating activity. We conclude, therefore, that petitioner has the burden of proof regarding respondent's determination that petitioner had unreported income.

Section 61(a) defines gross income for purposes of calculating taxable income as "all income from whatever source derived". In addition to the income tax imposed by section 1, section 1401 imposes a tax on the self-employment income of individuals. Self-employment income means the net earnings from self-employment derived by an individual. Sec. 1402(b). An individual is subject to self-employment tax if his or her net earnings from self-employment exceed $400 for the taxable year. Sec. 1402(b)(2).

Petitioner admitted at trial that he worked for Saraceni Brothers during 2004 (although he asserted the opposite in his petition) and that he received $600 in compensation from Saraceni Brothers in the form of checks as well as additional cash. In contrast to petitioner's contradictory testimony and lack of substantiating evidence, respondent introduced credible documentary evidence and testimony that petitioner earned $12,500 from Saraceni Brothers in 2004. We hold that petitioner failed

to carry his burden of proving that respondent's determination was incorrect.

Under section 7491(c), the Commissioner bears the burden of production with respect to a taxpayer's liability for penalties or additions to tax. This means that the Commissioner must "come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty." Higbee v. Commissioner, 116 T.C. 438, 446 (2001). In instances where an exception to the penalty or addition to tax is afforded upon a showing of reasonable cause, the taxpayer bears the burden of demonstrating such cause. Id. at 446-447.

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that the failure is due to reasonable cause and not to willful neglect. "[R]easonable cause" is described by the applicable regulations as the exercise of "ordinary business care and prudence". Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see also United States v. Boyle, 469 U.S. 241, 246 (1985). "[W]illful neglect" is interpreted as a "conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245. Moreover, "taxpayers who deliberately omit to file returns must use reasonable care to ascertain that no returns are necessary, and that in the absence of obtaining competent advice, the mistaken belief on the part of a taxpayer that no return was required under the statute does not

constitute reasonable cause for noncompliance." Shomaker v. Commissioner, 38 T.C. 192, 202 (1962).

Respondent has met his burden of production. Petitioner admitted that he failed to file a Federal income tax return for 2004. Petitioner's explanation is that he did not believe that he earned enough income in 2004 to generate any tax liability. This erroneous and unconfirmed belief does not amount to reasonable cause for failing to file a tax return. Even if we accepted petitioner's assertion that he earned no more than the $600 that he admitted receiving, he would have been liable for self-employment tax, as the threshold amount under section 1402(b)(2) is $400. Consequently, we sustain respondent's imposition of an addition to tax pursuant to section 6651(a)(1).

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount of tax shown on a return. The addition to tax applies only when an amount of tax is shown on a return. Cabirac v. Commissioner, 120 T.C. 163, 170 (2003). Under section 6651(g) a return prepared by the Secretary pursuant to section 6020(b) is treated as a return filed by the taxpayer for the purpose of determining the amount of an addition to tax under section 6651(a)(2).

Respondent prepared a return for petitioner that qualifies as a return for purposes of section 6651(a)(2). See Wheeler v. Commissioner, 127 T.C. 200, 208-210 (2006), affd. 521 F.3d 1289

(10th Cir. 2008). This return is "prima facie good and sufficient for all legal purposes." Sec. 6020(b)(2). Petitioner failed to pay his 2004 tax liability as shown on the return prepared by the Secretary. Accordingly, respondent has met his burden of production with respect to the section 6651(a)(2) addition to tax. Because petitioner has not demonstrated reasonable cause and has offered no reason for failing to pay the amount of tax shown on the 2004 return other than that he did not believe he had received payment from Saraceni Brothers (a belief he later admitted was incorrect), he is liable for an addition to tax pursuant to section 6651(a)(2).

<u>Decision will be entered for respondent</u>.