T.C. Memo. 2010-124

UNITED STATES TAX COURT

DAVID GEORGE KARKOUR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16359-08.                    Filed June 8, 2010.

        R determined a deficiency in P's income tax and a
penalty pursuant to sec. 6662(a), I.R.C., for the 2005 tax
year.  The deficiency and the sec. 6662(a), I.R.C., penalty
were based on P's failure to substantiate deductions for:
Self-employed health insurance expenses, business expenses,
Simplified Employee Pension plan, medical and dental
expenses, home interest expenses, and unreimbursed employee
business expenses.

        <u>Held</u>: P is liable for the deficiency and the sec.
6662(a), I.R.C., penalty.

David George Karkour, pro se.

<u>Nathan C. Johnston</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for redetermination of an alleged income tax deficiency and an accuracy-related penalty that respondent determined for petitioner's 2005 tax year.  After concession by respondent of deductions for certain of the expenses petitioner claimed on his Form 1040 Individual Income Tax Return, Schedule C, Profit or Loss From Business,[1] the issues left for decision are:

(1) Whether petitioner is entitled to an additional claimed $45,166 of Schedule C business expense deductions for the 2005 tax year;

(2) whether petitioner is able to substantiate the remaining $350 of the $2,300 deduction claimed on his return for self-employed health insurance for the 2005 tax year;

(3) whether petitioner is entitled to a $1,900 deduction for contributions to a Simplified Employee Pension plan (SEP) for the 2005 tax year;

(4) whether petitioner, having been allowed $40,180 of his $57,500 of deductions claimed on Schedule A, Itemized Deductions, for the 2005 tax year can substantiate $17,320 of the additional claimed Schedule A deductions for that year;

---

[1]Respondent concedes $6,543 of adjustments in the notice of deficiency.  This includes $2,095 of auto and gas expenses, $680 of auto insurance expenses, and $3,768 of auto rental expenses.

(5) whether petitioner is liable for $7,053 of self-employment tax for the 2005 tax year;[2]

(6) whether petitioner is entitled to an additional self-employment tax deduction of $3,527 for the 2005 year; and

(7) whether petitioner is liable for a section 6662(a) accuracy-related penalty for the 2005 tax year.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts and the accompanying exhibits are hereby incorporated by reference into our findings. At the time he filed his petition, petitioner resided in California.

In 2005 petitioner was self-employed as a lien collector; his title was lien representative. He claimed $1,900 and $2,300 deductions for SEP and self-employment health insurance, respectively. He deducted $51,709 in business expenses on Schedule C for 2005. Petitioner included deductions on Schedule A for medical expenses, home interest expenses, and unreimbursed employee expenses. Petitioner filed a Schedule SE, Self-Employment Tax, which included zero net earnings from self-employment and subsequently listed zero self-employment tax owed.

---

[2]This amount will be resolved in the Rule 155 computations in accordance with this opinion. All section references are to the Internal Revenue Code of 1986, as amended and in effect for the tax year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a notice of deficiency on April 17, 2008, determining an alleged income tax deficiency of $7,164 and an accuracy-related penalty of $1,432.80. Petitioner filed a timely petition with this Court on July 2, 2008, denying liability for the deficiency. A trial was held on June 19, 2009, in Los Angeles, California.

At trial petitioner testified about additional deductions and expenses he believed he was entitled to but introduced no other corroborating evidence. He candidly admitted that because he did not expect to be audited he had not kept some required financial records and was thus unable to provide sworn testimony as to exactly which of his expenses were personal and which were business in those areas for which records were not maintained. He pointed out, however, that he had kept or while under audit obtained from third parties or reconstructed numerous records substantiating many of his claimed deductions and expenses. He believed that because of this, the other claimed expenses, or at least some percentage thereof, should also be allowed.

OPINION

I.   Whether Petitioner Is Entitled to Additional Business Expense Deductions

Deductions are a matter of legislative grace, and the taxpayer must maintain adequate records to substantiate the amounts of any deductions or credits claimed. Sec. 6001 (the taxpayer "shall keep such records"); INDOPCO, Inc. v.

Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs.  In some circumstances the Court may allow the deduction of a claimed expense even where the taxpayer is unable to fully substantiate it, provided the Court has an evidentiary basis for doing so.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  But see sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  In these instances, the Court is permitted to approximate the allowable expense, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  Cohan v. Commissioner, supra at 544.  However, the record must contain sufficient evidence to provide a basis upon which the estimate may be made and to permit us to conclude that those expenses were deductible expenses, rather than nondeductible personal expenses.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Vanicek v. Commissioner, supra at 742-743.

Section 162(a) authorizes a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  A trade or business expense is ordinary for purposes of section 162 if it is normal or customary within a particular trade, business, or industry and is necessary if it is appropriate and helpful for the development of the business.  Commissioner v. Heininger, 320 U.S. 467, 471

(1943); <u>Deputy v. du Pont</u>, 308 U.S. 488, 495 (1940). In contrast, "personal, living, or family expenses" are generally nondeductible. Sec. 262(a). Again, any amount claimed as a business expense must be substantiated. Sec. 6001; <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 89-90 (1975), affd. 540 F.2d 821 (5th Cir. 1976). The taxpayer is required to maintain "permanent books of account or records * * * as are sufficient to establish the amount of gross income, deductions * * * in any return of such tax or information." Sec. 1.6001-1(a), Income Tax Regs. In sum, taxpayers must maintain records at least sufficient to provide a basis on which the Court can estimate the business expense deductions, to meet the substantiation requirement.

Petitioner's 2005 Schedule C includes a long list of business expenses. Respondent does not dispute that petitioner operated a business. Instead, respondent points out that petitioner failed to substantiate his business expense deductions. At trial petitioner introduced no probative evidence to substantiate those expenses. Petitioner has therefore not met his burden of substantiation.

II. <u>Whether Petitioner Is Able To Verify the Remaining $350 of the $2,300 Claimed on His Return for Self-Employed Health Insurance</u>

Section 162(l)(1) allows a self-employed individual to deduct the cost of his health insurance, with some limitations. Respondent does not contest the fact that petitioner was self-

employed or that he was entitled to deduct the cost of his health insurance to the extent of $1,950.  Petitioner was able to substantiate $1,950 of his $2,300 deduction for self-employed health insurance during the audit.

At or before trial petitioner presented no evidence to substantiate the remaining $350 deduction for his self-employed health insurance.  Petitioner testified that he provided the Internal Revenue Service (Service) with information on health insurance and out-of-pocket expenses and the Service "made reductions."  However, at trial he did not "specifically recall" what the remaining $350 pertained to.  Petitioner did not meet his burden of substantiation.

III. <u>Whether Petitioner Is Entitled to a $1,900 Deduction for Contributions to a SEP Account for the 2005 Tax Year</u>

Contributions by an employer to an individual retirement account or annuity meeting certain requirements described in section 408(k) qualify as a SEP plan and may be deducted.  A person who is self-employed is treated as his own employer for the purposes of a SEP plan.  See secs. 401(c)(4), 408(k)(7).  The requirements of a SEP plan are extensive and complicated; however, as petitioner cannot show that he made a contribution to any account, we need not enumerate them here.

Petitioner did not substantiate the $1,900 deduction for his contributions to a SEP account for 2005.  When the Court asked him about the $1,900 deduction, petitioner testified:  "I

honestly don't remember."  Petitioner did not attempt to introduce any evidence related to this deduction.  Again, petitioner has failed to meet his burden of substantiation, and this deduction is not allowable.

IV.  Whether Petitioner Can Substantiate $17,320 of the Itemized Deductions on Schedule A for 2005

The remaining deductibility issue, whether petitioner can substantiate $17,320 of the itemized deductions on Schedule A for the 2005 tax year, was not argued at trial or in petitioner's pretrial memorandum.  Petitioner did not present any evidence to substantiate these deductions and therefore failed to meet his burden of substantiation.  None of the $17,320 is allowable.

V.  Whether Petitioner is Liable for $7,053 of Self-Employment Tax and Entitled to the Resulting $3,527 Adjustment to Adjusted Gross Income

Section 1401(a) imposes a tax of 12.40 percent on the self-employment income of every individual.  One-half of this tax is then deductible from adjusted gross income (AGI) under section 164(f)(1).  Petitioner showed zero self-employment income on his Schedule SE; however, respondent determined that petitioner had $49,917 of self-employment income and owed $7,053 of self-employment tax.  Petitioner is then allowed to deduct one-half ($3,527) of this self-employment tax from his AGI.

This issue was not argued at trial or in petitioner's pretrial memorandum.  As a general rule, the Commissioner's determination of a taxpayer's liability is presumed correct, and

the taxpayer bears the burden of proving that the determination is improper. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Because petitioner has presented no evidence that the determination of the self-employment tax was improper, we find that petitioner owes $7,053 in self-employment tax and is entitled to a $3,527 adjustment to AGI.

## VI. Section 6662(a) Penalty

Respondent determined that petitioner is liable for a section 6662(a) penalty. Pursuant to section 7491(c), respondent has the burden of production with respect to a taxpayer's liability for a penalty and is, therefore, required to "come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty." See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). But see Swain v. Commissioner, 118 T.C. 358 (2002). However, "once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade a Court that the Commissioner's determination is incorrect." Higbee v. Commissioner, supra at 447.

Subsection (a) of section 6662 imposes an accuracy-related penalty of 20 percent of any underpayment that is attributable to causes specified in subsection (b). Respondent asserts two causes justifying the imposition of the penalty: A substantial

understatement of income tax and negligence.  Sec. 6662(b)(2), (1).

There is an exception to the section 6662(a) penalty when a taxpayer can demonstrate (1) reasonable cause for the underpayment and (2) that the taxpayer acted in good faith with respect to the underpayment.  Sec. 6664(c)(1).  Regulations promulgated under section 6664(c) further provide that the determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances."  Sec. 1.6664-4(b)(1), Income Tax Regs.

There is a "substantial understatement" of income tax for any tax year where the amount of the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return for the tax year or (2) $5,000.  Sec. 6662(d)(1)(A).  Section 6662(a) also imposes a penalty for negligence or disregard of rules or regulations.  Under this section "negligence" is "any failure to make a reasonable attempt to comply with the provisions of * * * [the Internal Revenue Code] this title".  Sec. 6662(c).

Under caselaw, "'Negligence is a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'"  Freytag v. Commissioner, 89 T.C. 849, 887 (1987) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. on this issue 43 T.C. 168 (1964) and T.C.

Memo. 1964-299), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).

At trial respondent sought to justify application of the penalty for either of two reasons, asserting both that there was a substantial understatement of income tax and that petitioner was negligent in the preparation of his return.  Respondent met his burden of production, and petitioner did not address the section 6662(a) penalty at trial.  We sustain the penalty. Petitioner presented no evidence that he had a reasonable cause for any portion of the underpayment.  See Basile v. Commissioner, T.C. Memo. 2005-51 ("Because petitioners did not contest the additions to tax or penalties in the petitions, they are deemed conceded." (citing Rule 34(b)(4) and Swain v. Commissioner, supra)).

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered

under Rule 155.