T.C. Memo. 2010-236

UNITED STATES TAX COURT

WILLIAM SANDLIN MCLAURINE II, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 31195-08.                    Filed October 26, 2010.

P failed to report his 2006 wages, and R determined a
deficiency.  P contested the deficiency, arguing that the
U.S. Government did not have the authority to tax him
because he is a citizen only of Alabama and not of the
United States.

<u>Held</u>:  P is liable for the deficiency.

<u>Held</u>, <u>further</u>, P is liable for a sec. 6673, I.R.C.,
penalty.

William Sandlin McLaurine II, pro se.

<u>Marshall R. Jones</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, <u>Judge</u>:  This case is before the Court on a petition for redetermination of an income tax deficiency of $1,209 that respondent determined for petitioner's 2006 tax year.  The issues for decision are (1) whether there is a tax deficiency or overpayment and if so, the amount thereof and (2) whether this Court should impose a section 6673 penalty on petitioner for filing a frivolous or groundless petition and instituting proceedings primarily for protest or delay.[1]

FINDINGS OF FACT

At the time he filed his petition with this Court, petitioner resided in Alabama.[2]  Absent stipulation to the contrary, this case would be appealable to the Court of Appeals for the Eleventh Circuit.  See sec. 7482(b)(1)(A).

Petitioner was born in Virginia.  Respondent asserts that during 2006, the tax year at issue, petitioner received $19,010 in wages from an employer who had apparently issued him a Form W-

---

[1]All section references are to the Internal Revenue Code of 1986, as amended and in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioner insists that at the time of filing the petition, he was not a resident of Alabama but, instead, "an inhabitant of the State of Alabama."  This semantic distinction is unworthy of a response, and we decline to give it one.

2, Wage and Tax Statement, to that effect and had sent a copy to respondent.  For 2006 petitioner filed a Form 1040NR, U.S. Nonresident Alien Income Tax Return, showing no income and subsequently attempted to file a Form 1040X, Amended U.S. Individual Income Tax Return, with a Form 1040NR.[3]

On the basis of petitioner's failure to include in reported income the $19,010 of wages, respondent mailed to petitioner, on September 22, 2008, a notice of deficiency showing a deficiency of $1,209 for petitioner's 2006 tax year.  Petitioner timely petitioned this Court.[4]  A trial was held on May 25, 2010, in Mobile, Alabama.

Petitioner does not dispute receipt of the wages from his "employment for personal services."  Instead, petitioner argues that he is not a citizen of the United States and, therefore, the U.S. Government cannot tax him on wages he earned in Alabama.  In

---

[3]Respondent indicates he received petitioner's Form 1040NR on or about June 23, 2008.  In his petition, petitioner stated that he had made mistakes in filing the Form 1040NR, but that he had "refiled a 1040X with 1040NR on December 16, 2008 to correct the mistakes."  There is no allegation by either party that the submission of the Form 1040X has any effect on the outcome of this case.

[4]Petitioner had until Dec. 22, 2008, to timely file a petition with this Court.  Petitioner's petition was not filed until Dec. 29, 2008; however, it was postmarked Dec. 16, 2008.  Under sec. 7502, a timely mailed petition may be treated as timely filed and, therefore, petitioner timely petitioned this Court.

his petition, petitioner states "The petitioner is not a 'citizen of the United States' * * * [The] source of taxation in this matter come [sic] from employment for personal services in a foreign country and is excluded from gross income and taxable income by the tax code".

Petitioner alleges that "The term foreign in the United States law refers to the State of Alabama, because the laws of the United States are foreign to the State of Alabama." When his case was called for scheduling at calendar call on May 24, 2010, petitioner submitted a written motion to dismiss for lack of jurisdiction, which this Court, after hearing, denied.[5]  Petitioner's motion alleged that this Court listed him as "pro se when in fact * * * [he] is Sui Juris", that his name should not have been capitalized in the caption of the case, and that the 10th Amendment to the Constitution and "necessary and proper clause" had been grossly misinterpreted by both courts and the U.S. Government.  Petitioner's argument that the 10th Amendment has been misinterpreted appears to center around the permissible exercise of power by the Federal Government, which, according to petitioner, excludes levying an income tax.

---

[5]The written statement, with respondent's consent, was filed as petitioner's pretrial memorandum.  Petitioner had not provided a pretrial memorandum.

Petitioner used the calendar call to expand on his political arguments, explaining the basis for his contention that he is not a U.S. citizen. According to petitioner, natural born citizens under the 14th Amendment to the Constitution are only those who "are born and reside in the District of Columbia". Since petitioner was born in Virginia and asserts that he never had an intent to be naturalized, he claims he is not a citizen of the United States.

At calendar call, the Court attempted to explain to petitioner that he was a citizen both of Alabama and the United States and that "the U.S. Government may impose an income tax on all * * * citizens of the United States". We further advised petitioner that this Court is not the proper forum for expressing disagreement with the Federal Government's tax laws and policies and that he should instead consider the ballot box and letters to Congress or the President. We warned petitioner that if at trial he failed to present a case on the merits he could be subject to a penalty under section 6673.[6]

---

[6]Respondent's pretrial memorandum, which petitioner received and read before the trial, stated that sec. 6673 authorized this Court to award penalties. Further, respondent questioned

(continued...)

At the May 25, 2010 trial, which lasted 16 minutes, petitioner did not testify or introduce any witnesses, stating that he was "under duress, * * * [and did] not wish to make any argument." Petitioner did present a written statement expressing his belief that he was under duress and therefore unable to make his case or argument. Presumably he was referring to the Court's informing him that section 6673 authorizes the Court to impose a penalty of up to $25,000 if the Court concludes the case was brought primarily for delay and/or is frivolous or groundless.

OPINION

I. Jurisdiction and Burden of Proof

A. Jurisdiction

We begin by confirming our jurisdiction over petitioner's claims. Our jurisdiction to determine a Federal income tax deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition. Secs. 6212(a), 6213(a), 6214(a); Monge v. Commissioner, 93 T.C. 22, 27 (1989). Petitioner filed a timely petition in response to a valid notice of deficiency regarding his 2006 tax year, and we have jurisdiction over the case.

---

[6](...continued)
petitioner at trial as to whether the potential imposition of a sec. 6673 penalty had caused him to change his position. Petitioner answered that it had not.

B.  <u>Burden of Proof</u>

Generally, the Commissioner's determination of a
taxpayer's liability in the notice of deficiency is presumed
correct, and the taxpayer bears the burden of proving that the
determination is improper.  See Rule 142(a); Welch v.
Helvering, 290 U.S. 111, 115 (1933).  But in the Eleventh
Circuit, for the presumption of correctness to apply in some
cases involving the receipt of unreported income, the
deficiency determination must be supported by "'some
evidentiary foundation linking the taxpayer to the alleged
income-producing activity.'"  Blohm v. Commissioner, 994 F.2d
1542, 1548-1549 (11th Cir. 1993) (quoting Weimerskirch v.
Commissioner, 596 F.2d 358, 362 (9th Cir. 1979), revg. 67 T.C.
672 (1977)), affg. T.C. Memo. 1991-636.  However, petitioner
has not disputed respondent's deficiency determination on the
grounds that it was incorrect, arbitrary, and did not link him
with an income-producing activity, and therefore the burden of
proof remains on petitioner.[7]  See, e.g., Dunne v.

---

[7]We note that while an evidentiary foundation is needed in
unreported income cases, the required support is "minimal".
Blohm v. Commissioner, 994 F.2d 1542, 1548-1549 (11th Cir. 1993),
affg. T.C. Memo. 1991-636; see also Amey & Monge, Inc. v.
Commissioner, 808 F.2d 758, 761 (11th Cir. 1987) (stating that
the situation where the burden of proof shifts to the
Commissioner "'is rare and only occurs where the Commissioner has
introduced no substantive evidence, and the evidence shows that
the claimed tax deficiency arising from unreported income was
derived by the government from unreliable evidence'" (quoting
(continued...)

Commissioner, T.C. Memo. 2008-63 (concluding that allowing

taxpayers to raise burden of proof for the first time on

appeal would prejudice the IRS because if the taxpayer had

raised the issue earlier, the IRS could have presented

evidence); see also White v. Commissioner, T.C. Memo. 1997-

459.[8]

---

[7](...continued)
Gatlin v. Commissioner, 754 F.2d 921, 923 (11th Cir. 1985), affg.
T.C. Memo. 1982-489)), affg. Amis v. Commissioner, T.C. Memo.
1984-642.  Once the "minimal evidentiary showing has been made,
the deficiency determination is presumed correct, and it becomes
the taxpayer's burden to prove it arbitrary or erroneous."  Blohm
v. Commissioner, supra at 1549 (citing Gold Emporium, Inc. v.
Commissioner, 910 F.2d 1374, 1378 (7th Cir. 1990), affg. Malicki
v. Commissioner, T.C. Memo. 1988-559).
    Under sec. 7491(a)(1), the burden of proof on factual issues
that affect the taxpayer's tax liability may shift to the
Commissioner where the "taxpayer introduces credible evidence
with respect to * * * such issue."  The burden will shift only if
the taxpayer has, inter alia, complied with applicable
substantiation requirements and "cooperated with reasonable
requests by the Secretary for witnesses, information, documents,
meetings, and interviews".  Sec. 7491(a)(2).  Petitioner did not
raise the burden of proof issue, did not introduce any credible
evidence, and failed to comply with the substantiation
requirements.  Accordingly, sec. 7491(a) does not shift the
burden of proof to respondent.

    [8]Even if petitioner had alleged that the deficiency was
incorrect and arbitrary, petitioner's tacit acknowledgment that
he received the alleged wages is enough "minimal evidence" for
the presumption of correctness to attach to the notice of
deficiency.  Respondent determined that petitioner received wages
of $19,010.  Petitioner does not deny this, arguing in his
petition only that "the determination of the tax owed is based on
employment for personal services in a foreign country."  See
Havrilla v. Commissioner, No. 92-70025, 1992 U.S. App. LEXIS
30298, 1992 WL 332144 (9th Cir., Nov. 10, 1992) (affirming Tax
                                              (continued...)

II.  <u>Taxation of Salary Income</u>

Petitioner invoked the jurisdiction of this Court but has not denied and at trial did not produce evidence or rebut respondent's determination that he received and failed to report taxable wages of $19,010 in 2006.  Rather, petitioner argues that he does not owe the deficiency because he is not a U.S. citizen and, therefore, the United States does not have the authority to tax him.

Petitioner's arguments are without merit and lack factual and legal foundation, and "we are not obligated to exhaustively review and rebut petitioner's misguided contentions."  See <u>Sanders v. Commissioner</u>, T.C. Memo. 1997-452.  To "refute these arguments with somber reasoning and copious citation of precedent * * * might suggest that these arguments have some colorable merit."  See <u>Crain v.</u>

---

⁸(...continued)
Court's dismissal after the taxpayer had argued that the Commissioner failed to meet his burden of demonstrating that the taxpayer owed taxes on unreported income yet the taxpayer did not dispute the receipt of wages, arguing instead only that the income was not taxable), affg. T.C. Memo. 1991-497; <u>Basile v. Commissioner</u>, T.C. Memo. 2005-51 (holding that taxpayer's deemed admissions as well as the Commissioner's answer provided sufficient evidence linking the taxpayer to the unreported income); <u>Malfatti v. Commissioner</u>, T.C. Memo. 2005-19 (holding that evidence including the taxpayer's admissions sufficiently linked the taxpayer to income-producing activities), affd. 168 Fed. Appx. 786 (9th Cir. 2006).

Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see also

United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993);

Nieman v. Commissioner, T.C. Memo. 1993-533 (stating

taxpayer's absurd arguments that as a citizen of Illinois he

did not owe Federal income taxes were "no more than stale tax

protester contentions long dismissed summarily by this

Court"); Solomon v. Commissioner, T.C. Memo. 1993-509, affd.

without published opinion 42 F.3d 1391 (7th Cir. 1994); Martin

v. Commissioner, T.C. Memo. 1990-560.  Since petitioner

acknowledges being born in Virginia, he is a citizen of the

United States and subject to Federal income tax.[9]  See U.S.

Const. amend. XIV, sec. 1.  We therefore sustain the

deficiency respondent determined for petitioner's 2006 tax

year.

III.  Section 6673 Penalty

We believe petitioner's case to be appropriate for a

section 6673 penalty.  Section 6673(a)(1) authorizes us to

impose a penalty not in excess of $25,000 on a taxpayer for

instituting or maintaining proceedings primarily for delay or

in which the taxpayer's position is frivolous or groundless.

A position "'is "frivolous" where it is "contrary to

---

[9]The Fourteenth Amendment to the Constitution states:  "All persons born or naturalized in the United States, * * * are citizens of the United States and of the State wherein they reside."  U.S. Const. amend. XIV, sec. 1.

established law and unsupported by a reasoned, colorable argument for change in the law"'." <u>Williams v. Commissioner</u>, 114 T.C. 136, 144 (2000) (quoting <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986)).

This Court has stated numerous times that tax-protester arguments such as petitioner's are frivolous and warrant the imposition of a section 6673 penalty. For example, in <u>Martin v. Commissioner</u>, <u>supra</u>, the taxpayer alleged that "as a citizen resident of the State of California, it would be constitutionally impermissible to exact a tax from him on income earned within the United States". This Court rejected the taxpayer's claims and imposed an $8,000 section 6673 penalty. <u>Id.</u>; see also <u>Callahan v. Commissioner</u>, T.C. Memo. 2010-201 (rejecting taxpayer's argument that as a citizen of Wisconsin he did not owe Federal income taxes and imposing a $3,000 section 6673 penalty); <u>Nieman v. Commissioner</u>, <u>supra</u> (rejecting taxpayer's argument that as a citizen of Illinois he did not owe Federal income taxes and imposing a $1,000 section 6673 penalty); <u>Solomon v. Commissioner</u>, <u>supra</u> (rejecting the taxpayer's argument that as a citizen of Illinois he did not owe Federal income taxes and imposing a $5,000 section 6673 penalty).

We conclude that this case warrants the imposition of a section 6673 penalty and, therefore, impose a penalty of $1,000 to be paid to the United States. We consider it an abuse of our process that "Taxpayers with genuine controversies were delayed while we considered this case." Solomon v. Commissioner, supra.

We have exercised restraint in penalizing petitioner under section 6673. This appears to have been the first time petitioner has advanced such frivolous or groundless arguments before us, and we note the deficiency was only $1,209. However, if petitioner insists on continuing his tax-protester rhetoric in this Court, we will be inclined to impose a significantly higher section 6673 penalty in the future.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered for respondent.